UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:25cv22681

TK ASSETS, LLC, a Florida limited liability company, and VELOVITA INC., a Florida Corporation,

Plaintiffs,

vs.

GREENWAY US, LLC, a Florida limited liability company, and ECOTRADEMARKET S.R.O, Prague, the Czech Republic,

Defendants.

## **COMPLAINT**

COME NOW the Plaintiffs, TK ASSETS, LLC ("TK Assets") and VELOVITA INC. ("Velovita") (collectively, "Plaintiffs"),  by and through the undersigned counsel, and file their Complaint against Defendants, GREENWAY US, LLC ("Greenway") and ECOTRADEMARKET S.R.O, ("Ecotrade") (collectively, Defendants"), and allege as follows:

## **PARTIES, JURISDICTION, AND VENUE**

1.      This is a civil action for injunctive relief and damages under the Federal Trademark Act, 15 U.S.C. §1051, et seq. ("Lanham Act") for trade dress infringement and unfair competition. Plaintiffs also assert claims for injunctive relief, declaratory relief, and damages under the Florida Statutes and in accordance with common law rights under §495.161, FLA. STAT. for trade dress infringement and unfair competition.

2.      At all times material, TK Assets is a Florida limited liability company authorized to conduct business in Florida, with its principal place of business in Miami-Dade County, Florida.

38334776.1:11840-0019

3.      At all times material, Velovita is a Florida corporation with its principal place of business located at 1111 Park Centre Boulevard, Suite 450, Miami, Florida 33169, and its fulfillment center is located at 3750 Suite F, Davie, Florida 33314.

4.      At all times material, Greenway is a Florida limited liability company with its principal place of business located in Palm Beach County, Florida. Greenway conducts business globally, including distributors and customers in Florida.

5.      At all times material, Ecotrade is a company organized under the laws of the Czech Republic that owns the NEORESERVO trademark application filed with the United States Patent and Trademark Office ("USPTO") with U.S. Serial number 98964296, filed on January 15, 2025. *See* Exhibit 6. Ecotrade conducts business globally, including with distributors and customers in Florida. Upon information and belief, Ecotrade is owned by Greenway president and founder Leonid Morgunov, and Greenway and Ecotrade are alter egos of one another, used to avoid legal obligations, commit fraud, and/or shield their assets. Greenway used Ecotrade, a Czech Republic Company, to file a trademark application to avoid liability to Plaintiff, and Plaintiff has been harmed as a result, subjecting Ecotrade to this Court's personal jurisdiction under the alter ego theory.

6.      This Court has jurisdiction over this action pursuant to the Lanham Act, 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338, and supplemental jurisdiction, as set forth in 28 U.S.C. §1367. This Court also has jurisdiction over Plaintiffs' related state and common law claims pursuant to 28 U.S.C. §§ 1338 and 1367.

7.      Venue is proper in this Court because Defendants conduct business in Palm Beach County, Florida, with their principal place of business located at 700 S. Rosemary Ave, Suite 204-D103, West Palm Beach, Florida 33401.

8.     Additionally, venue is proper under 28 U.S.C. §§1391(b) as the wrongful acts committed by Defendant occurred in the Southern District of Florida, and a substantial part of the events or omissions giving rise to the claim occurred therein, or a substantial part of the property that is the subject of the action is situated therein. Upon information and belief, jurisdiction is proper in that: i.) Defendants have operated, conducted, engaged in, or carried on a business venture in this State, and the Southern  District of Florida, from which this action arises, within the meaning of Fla. Stat. §48.193(1)(a); ii.) Defendants have committed tortious acts within this State, and the Southern District of Florida, including the infringement set forth herein, within the meaning of Fla. Stat. §48.193(1)(b); and iii.) Defendants have engaged in substantial and not isolated activity within this state, and the Southern District of Florida, within the meaning of Fla. Stat. §48.193(2).

## FACTUAL ALLEGATIONS

**a. THE RESERVE MARK.**

9.     On or About March 22, 2022, the trademark U.S. trademark "RESERVE" (the "Reserve Mark") (Serial number: 88348844 and Registration number: 6674764) was registered with the United States Patent and Trademark Office ("USPTO") with a date of first use in commerce of September 5, 2018. The Reserve Mark is used in commerce in connection with an antioxidant dietary supplement product (the "Reserve Product"). The key ingredient in this product is Resveratrol, hence the name "RESERVE". The Reserve Mark is widely recognized and associated with the Reserve Product in the health and wellness industry since approximately September 5, 2018.

10.     United Rx Company LLC ("United RX") has owned the worldwide rights, title, and interest in the Reserve and M1nd intellectual property marks since April 16, 2021. On or about November 18, 2022, it became the record owner of the entire right, title, and interest in the

38334776.1:11840-0019

registered U.S. trademark, the Reserve Mark. *See* Exhibit 1, Intellectual Property Purchase and Assignment Agreement between Jeunesse Global Holdings, LLC ("Jeunesse") and United RX ("Jeunesse/United IP Agreement").

11.     On or about May 23, 2025, and in accordance with a Trademark Assignment Agreement and Intellectual Property Purchase and Assignment Agreement ("IP Agreement"), United RX sold, transferred, and assigned all its worldwide rights, title, and interest in the Reserve and M1nd trademarks, along with the goodwill associated with the business they represent to TK Assets. Copies of the IP Agreement will be submitted to the Court for *in-camera* review at a later date, as these agreements are confidential. *See* Exhibit 2, IP Agreement.

12.     On May 28, 2025, a Trademark Assignment Agreement ("Assignment Agreement") commemorating the Confidential Trademark Assignment and Intellectual Property Purchase Agreement was recorded with the USPTO. *See* Exhibit 3, Recorded Assignment Agreement.

13.     Pursuant to the IP Agreement, TK Assets is the legal owner of the Reserve and M1nd trademarks (hereafter "Purchased IP") and was appointed and is the attorney-in-fact for United RX to institute and prosecute any legal or equitable proceedings to enforce any past or future rights in the Purchased IP, which includes the Reserve Mark. Ex. 1, ¶ 5.

14.     The Reserve Mark is valid, active, and bears Registration number 6674764 and Serial number 88348844. It has been used in commerce since at least September 5, 2018.

15.     TK Assets licenses the Reserve Mark exclusively to Velovita pursuant to an Exclusive License and Use Agreement. *See* Exhibit 4 ("License Agreement"). A copy of the License Agreement will be produced to the Court for *in-camera* review at a later date. Velovita Inc. is the sole supplier of the Reserve Product. The Reserve Mark and Reserve Product are depicted below:

38334776.1:11840-0019







16.     Without authorization, Defendants used and continue to use a mark that is a colorable imitation of and/or substantially and confusingly similar to the Reserve Mark in

connection with the sale, offering for sale, distribution, and advertisement of an antioxidant dietary supplement product containing Resveratrol.

17.     Defendants have advertised and currently advertise for sale on their website the product marketed as "NEORESERVO" (the "Infringing Mark") and have been marketing it as a new version of the Reserve Product. In fact, the literal translation of NEORESERVO is "New Reserve"—with "neo" translating to "new" in ancient Greek and "Reservo" meaning "Reserve" in Spanish. The Infringing Mark and associated product are depicted below:



### NEORESERVO Resveratrol gel, 30 sticks

NEORESERVO

#070760

Package: 30 sticks of 30 ml each

**NEORESERVO** is a source of vital energy for a quick charge of vivacity! The drinking gel with a great fruit and berry flavor contains a powerful anti-aging protector resveratrol and a complex of plant extracts that enhance its effect. It has high bioavailability.
Discover a new formula to upgrade your body's reserves!

- 70 mg of resveratrol in 1 stick
- Based on natural juices
- In the form of a bioavailable gel
- Free of flavors, colors and sweeteners



18.     Customers and distributors can purchase the Infringing product on the Defendants' website at https://new.mygreenway.com/shop/brands/neoreservo/070760.

19.     Defendants' unauthorized use of the Infringing Mark, especially in connection with a product of the same type and class as the Reserve Product, class 005,  is likely to cause confusion, mistake, or deception among consumers as to the source, origin, or sponsorship of Defendants' product, dilutes the Reserve Mark, and constitutes an unfair trade practice.

20.     Defendants' unauthorized use of the Infringing Mark has created confusion among Plaintiffs' Members and Customers, who believe Defendants' Infringing Mark is the newer version of the Reserve Product and is likely to cause confusion in the dietary supplement marketplace. *See* Exhibit 5 ("Instagram Reel").

21.     Upon information and belief, Defendants previously sold the Reserve Product through distributors from June 2024 to January 2025 and did not pay royalties to the then-owner, United Rx. Pursuant to the IP Agreement, TK is the attorney of fact with the right to collect, prosecute, and receive or collect past or future royalties due and owing from April 16, 2021, to the present. TK is entitled to collect those royalties from any entities selling the Purchased IP, including Defendants. *See* Ex 1.¶ 5& ¶ 7 (c).

22.     Defendants' actions have caused irreparable and ongoing harm to Plaintiffs' and associated entities' business reputation, goodwill, sales, and lost profit.

**b. BACKGROUND ON THE DIRECT SALES BUSINESS MODEL.**

23.     Plaintiff Velovita is a global leader in the direct sales industry, offering revolutionary health and wellness products renowned for their vibrant colors and innovative packaging. Defendant Greenway is a direct competitor of Velovita.

24.     As a direct sales company, Velovita markets products, such as the Reserve Product, exclusively through independent distributors called "Members". Over time, Members recruit new

38334776.1:11840-0019

Members and customers, creating downline organizational structures totaling hundreds. The "upline" is the person who recruited the Member.   These Members establish relationships with other Members and customers (both within and outside their uplines), which drive sales. Velovita is the only authorized seller of the Reserve Product. *See* Ex. 4.

25.     Upon information and belief, Defendants have been using the Infringing Mark to create confusion in the marketplace, thereby diverting business away from the Plaintiffs and their associated business entities' Members and customers As a result of the Defendants' actions, the Plaintiffs have suffered damages, including a loss of reputation, business opportunities, and sales.

## <u>COUNT I – TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT</u>
### <u>Against All Defendants</u>

26.     Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 25 as though fully set forth herein.

27.     Defendants' use of a confusingly similar imitation of the Reserve Mark has and is likely to cause confusion, deception, and mistake among consumers by creating the false and misleading impression that Defendants' goods are manufactured or distributed by Plaintiffs or are associated or connected with Plaintiffs or affiliated entities, or have the sponsorship, endorsement, or approval of Plaintiffs or affiliated entities.

28.     The Infringing Mark is confusingly similar to the federally registered Reserve Mark in violation of 15 U.S.C. § 1114. Defendants' actions are causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception to members of the trade and public, and, additionally, injury to Plaintiffs' goodwill and reputation, for which Plaintiffs have no adequate remedy at law.

29.     Defendants' actions were committed with knowledge that such imitation is intended to be used to cause confusion, or to cause mistake, or to deceive.

30.     Defendants have directly and proximately caused and are likely to continue causing substantial injury to the public and to Plaintiffs, and Plaintiffs are entitled to injunctive relief and to recover actual damages, consequential damages, and Defendants' profits, in addition to costs and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

WHEREFORE, Plaintiffs, TK ASSETS, LLC and VELOVITA INC., respectfully request that this Court enter judgment in favor of Plaintiffs and against Defendants, GREENWAY US, LLC and ECOTRADEMARKET S.R.O.,  for injunctive relief and for all damages recoverable by law, including but not limited to attorney's fees, costs, and interest.

### COUNT II – UNFAIR COMPETITION UNDER THE LANHAM ACT
### Against All Defendants

31.     Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 25 as though fully set forth herein.

32.     Defendants' use of the confusingly similar imitation of the Reserve Mark has caused and is likely to cause confusion, deception, and mistake among consumers by creating the false and misleading impression that Defendants' goods are manufactured or distributed by Plaintiffs or affiliated entities, or are affiliated, connected, or associated with Plaintiffs, or have the sponsorship, endorsement, or approval of Plaintiffs.

33.     Defendants have made false representations, false descriptions, and/or false designations of, on, or in connection with their goods in violation of 15 U.S.C. § 1125(a). Greenway's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception among members of the trade and public, and, additionally, injury to Plaintiffs' goodwill and reputation, for which Plaintiffs have no adequate remedy at law.

34.     Defendants'  actions were committed with knowledge that such imitation is intended to be used to cause confusion, or to cause mistake, or to deceive.

38334776.1:11840-0019

35.     Greenway's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the Reserve Mark to the great and irreparable injury of Plaintiffs.

36.     Defendants' actions have caused, and are likely to continue causing, substantial injury to the public and to Plaintiffs. Plaintiffs are therefore entitled to injunctive relief and to recover actual damages, consequential damages, and Greenway's profits, in addition to costs and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

WHEREFORE, Plaintiffs, TK ASSETS, LLC and VELOVITA INC., respectfully request that this Court enter judgment in favor of Plaintiffs and against Defendants, GREENWAY US, LLC and ECOTRADEMARKET S.R.O., for injunctive relief and for all damages recoverable by law, including but not limited to attorney's fees, costs and interest.

## COUNT III – TRADEMARK DILUTION UNDER THE LANHAM ACT
### Against All Defendants

37.     Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 25 as though fully set forth herein.

38.     The Reserve Mark is famous and distinctive in the nutritional supplement category, and it has been famous and distinctive well before Greenway began using its Infringing Mark.

39.     Defendants are using the Infringing Mark in the stream of commerce since, which dilutes and is likely to dilute the distinctiveness of the Reserve Mark by eroding the public's exclusive identification of this famous mark with Plaintiffs, tarnishing and degrading the mark's positive associations, and otherwise diminishing the mark's capacity to identify and distinguish Plaintiffs' or associated entities' goods.

40. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the Reserve Mark or to cause dilution of the mark to the great and irreparable injury of Plaintiffs.

41. Defendants have caused and will continue to cause irreparable injury to Plaintiffs' goodwill and business reputations, and dilution of the distinctiveness and value of Plaintiffs' famous and distinctive Reserve Mark in violation of 15 U.S.C. § 1125(c). Plaintiffs are therefore entitled to injunctive relief and to actual damages, consequential damages, and Greenway's profits, in addition to costs and reasonable attorney's fees under 15 U.S.C. § 1125(c), 1116, and 1117.

WHEREFORE, Plaintiffs, TK ASSETS, LLC and VELOVITA INC., respectfully request that this Court enter judgment in favor of Plaintiffs and against Defendants, GREENWAY US, LLC and ECOTRADEMARKET S.R.O.,  for injunctive relief and for all damages recoverable by law, including but not limited to attorney's fees, costs, and interest.

### COUNT IV – VIOLATION OF FDUTPA (§ 501.204, FLA. STAT.)
### Against All Defendants

42. Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 25 as though fully set forth herein.

43. Defendants' use of the Infringing Mark constitutes an unfair method of competition and a deceptive or unfair trade practice in the conduct of commerce that is likely to mislead consumers acting reasonably in the circumstances to the consumers' detriment.

44. As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered damages, including, but not limited, to lost profits.

WHEREFORE, Plaintiffs, TK ASSETS, LLC and VELOVITA INC., respectfully request that this Court enter judgment in favor of Plaintiffs and against Defendants, GREENWAY US, LLC and ECOTRADEMARKET S.R.O.,  for injunctive relief and for all damages recoverable by law, including but not limited to attorney's fees, costs and interest.

38334776.1:11840-0019

## COUNT V – COMMON LAW UNFAIR COMPETITION
### Against All Defendants

45.     Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 25 as though fully set forth herein.

46.     Plaintiff TK is the current owner of the Reserve Mark, and  Plaintiff Velovita is the exclusive licensee and seller of the Reserve Mark.

47.     The Reserve Mark has acquired a secondary association with the goodwill of Plaintiffs or associated entities.

48.     Defendants have used and are using a confusingly similar mark in commerce to indicate or identify similar goods and services which it is marketing in competition with Plaintiffs or associated entities in the same trade area where Plaintiffs have already established the Reserve Mark.

49.     As a result of Defendants' actions, consumer confusion as to the source of sponsorship of Defendants' goods is likely, and Plaintiffs have suffered damages.

WHEREFORE, Plaintiffs, TK ASSETS, LLC and VELOVITA INC., respectfully request that this Court enter judgment in favor of Plaintiffs and against Defendants, GREENWAY US, LLC and ECOTRADEMARKET S.R.O.,  for injunctive relief and for all damages recoverable by law.

## COUNT VI – COMMON LAW TRADEMARK INFRINGEMENT
### Against All Defendants

50.     Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 25 as though fully set forth herein.

51.     Defendants' use of a confusingly similar imitation of the Reserve Mark is likely to cause confusion, deception, and mistake among consumers by creating the false and misleading impression that Defendants' goods are  manufactured  or  distributed  by  Plaintiffs  or  affiliated

entities or are associated or connected with Plaintiffs or affiliated entities, or have the sponsorship, endorsement, or approval of Plaintiffs or affiliated entities.

52.     The Infringing Mark is confusingly similar to the federally registered Reserve Mark. Greenway's actions are causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception to members of the trade and public, and, additionally, injury to Plaintiffs and/or affiliated entities' goodwill and reputation, for which Plaintiffs have no adequate remedy at law.

53.     Defendants' actions were committed with knowledge that such imitation is intended to be used to cause confusion, or to cause mistake, or to deceive.

54.     Defendant has directly and proximately caused and is likely to continue causing substantial injury to the public and to Plaintiffs, and Plaintiffs are entitled to injunctive relief and to recover damages.

WHEREFORE, Plaintiffs, TK ASSETS, LLC and VELOVITA INC., respectfully request that this Court enter judgment in favor of Plaintiffs and against Defendants, GREENWAY US, LLC and ECOTRADEMARKET S.R.O.,  for injunctive relief and for all damages recoverable by law.

### COUNT VII – UNJUST ENRICHMENT
#### Against All Defendants

55.     Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 25 as though fully set forth herein.

56.     Defendants have gained a substantial benefit by selling, marketing and advertising Plaintiffs' Reserve and M1nd products and have knowingly accepted the benefits of the profits from those products without obtaining prior authorization or compensating the owner.

57.     It would be inequitable if Defendants were allowed to use and keep the proceeds from the sale of Plaintiffs' Reserve and/or M1nd products without paying royalties to the owner of said products.

WHEREFORE, Plaintiffs, TK ASSETS, LLC and VELOVITA INC., respectfully request that this Court enter judgment in favor of Plaintiffs and against Defendants, GREENWAY US, LLC and ECOTRADEMARKET S.R.O., awarding Plaintiffs damages, prejudgment interest, costs, and all other relief that is just and proper.

## COUNT VIII – TRADEMARK DILUTION UNDER § 495.151, FLA. STAT.
### Against All Defendants

56.     Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 25 as though fully set forth herein.

57.     Plaintiffs TK ASSETS, LLC and VELOVITA INC. are the owner and licensee, respectively, of the Reserve Mark, which is famous and distinctive in this state.

58.     Defendants' commercial use of the Infringing Mark began after the Reserve Mark became famous.

59.     Defendants' commercial use of the Infringing Mark is likely to cause dilution of the distinctive quality of the famous Reserve Mark.

60.     It would be inequitable if Defendants were allowed to continue commercial use of the Infringing Mark.

WHEREFORE, Plaintiffs, TK ASSETS, LLC and VELOVITA INC., respectfully request that this Court enter judgment in favor of Plaintiffs and against Defendants, GREENWAY US, LLC and ECOTRADEMARKET S.R.O., for injunctive relief and all damages recoverable by law.

38334776.1:11840-0019

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, TK ASSETS, LLC and VELOVITA INC., respectfully request that this Court enter judgment in favor of Plaintiffs and against Defendants, GREENWAY US, LLC and ECOTRADEMARKET S.R.O., as follows:

a. A preliminary and permanent injunction enjoining Defendants Greenway US, LLC, Ecotrademarket S.R.O., and their officers, executives, employees, directors, agents, contractors, distributors or any person or entity in concert with Defendants from further infringing, manufacturing, using, selling it offering for sale the Reserve Mark, the infringing mark, NEORESERVO or any mark confusingly similar to the Reserve Mark;

b. An order requiring the Defendants to surrender all materials bearing the infringing mark for destruction, in accordance with 15 U.S.C. § 1118.

c. Payment by Defendants for past due royalties from the sales of the Reserve and M1nd products.

b. An award of damages in an amount to be determined at trial, including Defendants' profits derived from the infringing activities, any and all damages sustained by Plaintiffs, and the costs of this action pursuant to 15 U.S.C. § 1117(a);

c. An award of statutory damages as provided by law;

d. A declaratory judgment that Defendants' acts violate the Florida Deceptive and Unfair Trade Practices Act, pursuant to § 501.211, FLA. STAT.

e. An award of reasonable attorneys' fees pursuant to § 501.211, FLA. STAT and 15 U.S.C. 1117 § (a).

f. Taxable costs and disbursements herein, pursuant to 15 U.S.C. §1117, and as otherwise authorized.

g. Such other and further relief as the Court deems just and proper.

38334776.1:11840-0019

Dated:  June 13, 2025

Respectfully submitted,

/s/ ***Ryan D. Schoeb***
RYAN D. SCHOEB, ESQ.
Florida Bar No. 109257
WOOD, SMITH, HENNING & BERMAN LLP
1501 S. Church Avenue, Suite 200
Tampa, Florida 33629
Telephone:  813-422-6910
Fax:  813-425-6983
rschoeb@wshblaw.com
tmarshall@wshblaw.com
rpaquin@wshblaw.com

*Counsel for Plaintiffs*

38334776.1:11840-0019