**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No.: 1-25-cv-22681-CMA**

TK ASSETS, LLC, a Florida limited liability
company, and VELOVITA INC., a Florida
corporation,

       Plaintiffs,

vs.

GREENWAY US, LLC, a Florida limited
liability company, and ECOTRADEMARKET
S.R.O., Prague, the Czech Republic,

       Defendants.

**DEFENDANT ECOTRADEMARKET S.R.O.'s MEMORANDUM**
**IN SUPPORT OF ITS JURISDICTIONAL DISCOVERY OBJECTIONS**

Pursuant to the Court's instructions at the May 18, 2026 discovery hearing, Defendant

Ecotrademarket S.R.O. ("EcoTrade"), provides this brief memorandum of law and citation to

authorities relevant to its objections to Plaintiff TK Assets, LLC's jurisdictional discovery, as

follows:

**Plaintiffs' Complaint**

The allegations in Plaintiffs' Complaint to support personal jurisdiction over EcoTrade, a

company organized under the laws of the Czech Republic, are contained in paragraphs 5 and 8.

Plaintiffs simply track Florida's long-arm statute in paragraph 8 of the Complaint alleging, upon

information and belief, the following:

> Upon information and belief, jurisdiction is proper in that: i.) Defendants have
> operated, conducted, engaged in, or carried on a business venture in this State, and
> the Southern District of Florida, from which this action arises, within the meaning
> of Fla. Stat. §48.193(1)(a); ii.) Defendants have committed tortious acts within this
> State, and the Southern District of Florida, including the infringement set forth
> herein, within the meaning of Fla. Stat. §48.193(1)(b); and iii.) Defendants have
> engaged in substantial and not isolated activity within this state, and the Southern

District of Florida, within the meaning of Fla. Stat. §48.193(2).

Plaintiffs claim to allege an "alter ego" theory of jurisdiction in paragraph 5. Plaintiffs allege that EcoTrade "conducts business globally, including with distributors and customers in Florida" and that "Greenway and Ecotrade are alter egos of one another, used to avoid legal obligations, commit fraud, and/or shield their assets"

Plaintiffs also make the following alter-ego allegation that was discussed at the hearing:

Greenway used Ecotrade, a Czech Republic Company, to file a trademark application to avoid liability to Plaintiff, and Plaintiff has been harmed as a result, subjecting Ecotrade to this Court's personal jurisdiction under the alter ego theory.

EcoTrade's Trademark/Service Mark Application is attached as an exhibit to their Complaint [ECF No. 1-5].

Plaintiffs also allege ownership of the U.S. Trademark "RESERVE", and that Defendants "have advertised and currently advertise for sale on their website the product marketed as 'NEORESERVO' mark depicted below" [ECF No. 1 at ¶¶ 16-17.] The image of the NEORESERVO box in paragraph 17 shows the labeling on the box to be in a Cyrillic script, a writing system used for over 50 languages across Eurasia, including Russian, Ukrainian, Bulgarian, and Serbian. The Instagram Reel referenced in the Complaint at paragraph 20 is also in Cyrillic script [ECF No. 1-4].

Otherwise, the Complaint is silent as to where the alleged unauthorized use of Plaintiffs' Mark is occurring. Plaintiffs then make allegations against the Defendants collectively throughout the Complaint, except in paragraphs 25, 26, 38 and 41 where the allegation is made only against Greenway US LLC.

<strong><u>EcoTrade's initial discovery responses</u></strong>

The Order on jurisdictional discovery in this case directed EcoTrade to respond to the

2

written jurisdictional discovery requests with the exception of matters awaiting resolution by the Magistrate Judge [ECF No. 38]. EcoTrade's answers to interrogatories and responses to requests for admissions, attached as Exhibits 1- 2, served on Plaintiffs on May 18, 2026 establish the following:

> EcoTrade is an entity organized under the laws of the Czech Republic with its principal place of business in Prague, Czechia;

> It is an entity that is separate and distinct from Greenway US LLC;

> EcoTrade only conducts business in the European Union and does not conduct business in Florida; EcoTrade has not been registered to do business in Florida;

> EcoTrade does not have employees in Florida and does not lease or own property in Florida;

> Greenway US LLC has its own officers and determines its own pricing and marketing practices and maintains its own bank accounts and employees;

> EcoTrade has not conducted, directly or indirectly, or instructed in Florida any business activity regarding NEORESERVO or Reserve;

> EcoTrade does not have any communications with any person or entity in Florida regarding the marketing, sale or distribution of NEORESERVO in Florida;

> EcoTrade has not sold any products under the NEORESERVO mark in Florida;

> EcoTrade has not authorized any person or entity to use the NEORESERVO mark in Florida; and

> EcoTrade has not made any payments or wire transfers to any bank accounts, persons or entities located in Florida for the marketing or sale of NEORESERVO.

### Plaintiffs' alter-ego theory of jurisdiction

At the May 18, 2026 hearing, Plaintiffs argued that their alter-ego theory of general jurisdiction entitled them to take broad discovery of both EcoTrade and Greenway without regard to RESERVE or the NEORESERVO product.

Accordingly, Florida law on whether the separate corporate identities of Greenway US

3

LLC and EcoTrade may be disregarded under a claim that one is the alter ego of the other must be considered. In the leading decision of *Dania Jai-Alai Palace, Inc. v. Sykes*, 450 So. 2d 1114, 1121 (Fla. 1984), the Supreme Court of Florida declined to recede from its precedent and held "that the corporate veil may not be pierced absent a showing of improper conduct."

An allegation of improper conduct underlying an alter ego allegation is required. *State v. Am. Tobacco Co.*, 707 So. 2d 851, 854 (Fla. Dist. Ct. App. 1998) ("On appeal, the state has abandoned the contention that the subsidiaries are alter egos of the appellees, such that the corporate veil can be pierced, as they have not shown that the subsidiaries were formed for any improper purpose. *See Dania Jai–Alai Palace, Inc. v. Sykes,* 450 So.2d 1114 (Fla.1984)).

The only "improper conduct" of EcoTrade alleged by Plaintiffs is its filing of a Trademark Application in the U.S. Patent and Trademark Office ("USPTO") of the U.S. Department of Commerce. The Application identifies its filing basis as Section 1(b), referring to 15 U.S.C. 1051(b), Application for bona fide intention to use trademark. That section states:

> A person who has a bona fide intention, under circumstances showing the good faith of such person, to use a trademark in commerce may request registration of its trademark on the principal register hereby established by paying the prescribed fee and filing in the Patent and Trademark Office an application and a verified statement, in such form as may be prescribed by the Director.

Upon approval of the mark that is the subject of the application, the applicant must then file an allegation of actual use of mark before registration of the mark is permitted under Title 15's statutory and regulatory scheme. Copies of 15 U.S.C. 1051(b) and §§ 806.01(b) and 1103 of the Trademark Manual of Examining Procedure (TMEP) are attached as Composite Exhibit 3.

The point is that the only allegation of the required "improper conduct" against EcoTrade is the commencement of an agency proceeding to confirm that its intended, not actual, use of the NEORESERVO mark in commerce in the United States is lawful, the mechanism created by US

4

Congress for parties to confirm and secure trademark rights before entering the marketplace. Further evidence of the baseless nature of the allegation is Plaintiff TK Assets, LLC's participation in the same administrative proceeding opposing EcoTrade's application.  TK Assets, LLC's Notice of Opposition is attached as Exhibit 4.

### The necessity of pleading a prima facie case of jurisdiction

EcoTrade cites to the following authorities in support of its argument that a factual basis for jurisdiction and jurisdictional discovery is required and is absent in this case. *In re Zantac (Ranitidine) Prods. Liab. Litig.*, 706 F. Supp. 3d 1363, 1366 (S.D. Fla. 2020):

> Given the requirements of Rule 11, it should not be surprising that the scope of a plaintiff's jurisdictional discovery has limits. A plaintiff "is foreclosed from pursuing jurisdictional discovery in an attempt to marshal facts that he 'should have had – but did not – before coming through the courthouse doors. *Thompson v. Carnival Corp.,* 174 F. Supp. 3d 1327, 1339 (S.D. Fla. 2016) (J. Moore) *quoting Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1216 (11th Cir. 2007). "[T]he failure of a plaintiff to investigate jurisdictional issues prior to filing suit does not give rise to a genuine jurisdictional dispute." *Yepez v. Regent Seven Seas Cruises, et al.,* No. 10-23920-CIV, 2011 WL 3439943 at *1 (S.D. Fla. Aug. 5, 2011) (J. King).

***

> To summarize the applicable law: (1) when a plaintiff files a complaint, it must possess sufficient facts to support a good-faith belief that personal jurisdiction exists over every defendant; (2) the complaint must plead sufficient non-conclusory facts to establish a *prima facie* case of personal jurisdiction; (3) a defendant may, but is not required to, assert its own counter-facts to challenge the sufficiency of the well-pled jurisdictional facts alleged in the complaint; (4) if the counter-facts create a genuine dispute with the well-pled facts in the complaint, the plaintiff has a right to limited jurisdictional discovery on those genuinely-disputed facts; (5) a party is not entitled to jurisdictional discovery solely to remedy a lack of jurisdictional facts or an insufficient pre-filing investigation.

*Id.* at 1367-68. *See also Escutia v. Carnival Corp.*, No. 23-24230-CIV, 2024 WL 3738897, at *2 (S.D. Fla. June 18, 2024) (citing *In re Zantac (Ranitidine) Prods. Liab. Litig, as* "a summary of the applicable law on jurisdictional discovery within this Circuit").

5

*See also, Butler v. Sukhoi Co.*, 579 F.3d 1307, 1314 (11th Cir. 2009), discussing the issue

in the context of sovereign immunity:

> Inasmuch as the complaint was insufficient as a matter of law to establish a prima facie case that the district court had jurisdiction, the district court abused its discretion in allowing the case to proceed and granting discovery on the jurisdictional issue. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1280–81 (11th Cir.2009) (reviewing district court's decision to allow jurisdictional discovery for an abuse of discretion); *see, e.g., In re Terrorist Attacks*, 538 F.3d at 96 (finding no error in district court's denial of jurisdictional discovery against foreign state where plaintiffs failed to establish a prima facie case that the district court had jurisdiction over defendants); *Mwani*, 417 F.3d at 17 (finding no error in district court's denial of jurisdictional discovery where, even assuming defendant/sovereign engaged in conduct alleged in the complaint, commercial activity exception to FSIA would not apply as a matter of law).

### Relevant principles regarding general jurisdiction

EcoTrade cites the following cases regarding the assertion of general jurisdiction.

*Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1204 (11th Cir. 2015):

> A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations," without offending due process "when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear,* 131 S.Ct. at 2851 (quoting *Int'l. Shoe Co.,* 326 U.S. at 317, 66 S.Ct. at 159). "[O]nly a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Daimler AG v. Bauman,* 571 U.S. ——, 134 S.Ct. 746, 760, 187 L.Ed.2d 624 (2014). A corporation's place of incorporation and its principal place of business are "paradigm all-purpose forums." *Id.* **And "a corporation's operations in a forum other than its formal place of incorporation or principal place of business" will be "so substantial and of such a nature as to render the corporation at home in that State" only in "exceptional" cases.** *Id.* at 761 n. 19 (emphasis added).

> *Daimler AG v. Bauman*, 571 U.S. 117, 138–39, 134 S. Ct. 746, 761–62, 187 L. Ed. 2d 624 (2014):

> Here, neither Daimler nor MBUSA is incorporated in California, nor does either entity have its principal place of business there. If Daimler's California activities sufficed to allow adjudication of this Argentina-rooted case in California, the same global reach would presumably be available in every other State in which MBUSA's sales are sizable. Such **exorbitant exercises of all-purpose jurisdiction** would scarcely permit out-of-state defendants "to structure their primary conduct with some minimum assurance as to where that conduct will and will not render

6

them liable to suit." *Burger King Corp.,* 471 U.S., at 472, 105 S.Ct. 2174 (internal quotation marks omitted).

***

We reversed, observing that the North Carolina court's analysis "elided the essential difference between case-specific and all-purpose (general) jurisdiction." *Id.,* at ——, 131 S.Ct., at 2855. **Although the placement of a product into the stream of commerce "may bolster an affiliation germane to *specific* jurisdiction,"** we explained, such contacts "do not warrant a determination that, based on those ties, the forum has *general* jurisdiction over a defendant." *Id.,* at ——, 131 S.Ct., at 2857. As *International Shoe* itself teaches, a corporation's "continuous activity of some sorts within a state is not enough to support the demand that the corporation be amenable to suits unrelated to that activity. (emphasis added).

### The statutory limitation for specific jurisdiction

The requirement that the cause of action arises out of the conduct that occurred in Florida is contained in section 48.193(1)(a), Florida Statutes, Act subjecting person to jurisdiction of courts of state:

> (1)(a) A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state *for any cause of action arising from any of the following acts* (emphasis added).

### Conclusion

Plaintiffs' Complaint does not allege sufficient facts for jurisdictional discovery. It completely fails to establish a basis for the broad, intrusive and frankly expensive discovery they seek to meet the high burden of establishing general jurisdiction. Should the Court should exercise its discretion to allow jurisdictional discovery, it should be limited and restricted to the sale of NEORESERVO in Florida by EcoTrade.

7

Respectfully submitted,

WEISSMAN & DERVISHI, P.A.

By:     /s/ *Brian S. Dervishi*
      Brian S. Dervishi
Fla. Bar No. 350303
One S.E. Third Avenue, Suite 1700
Miami, Florida 33131
305-347-4070 (Telephone)
bdervishi@wdpalaw.com
service@wdpalaw.com

Attorneys for Defendant Greenway US, LLC
and EcoTradeMarket, S.R.O.

## CERTIFICATE OF SERVICE

I CERTIFY that on May 20, 2026, the foregoing was served by CM/ECF on the persons listed below.

      /s/ *Brian S. Dervishi*
      Brian S. Dervishi

Ryan D. Schoeb, Esq.
Theodore C. Bilirakis, Esq.
Wood, Smith, Henning & Berman LLP
1501 S. Church Avenue, Suite 200
Tampa, Florida 33629
rschoeb@wshblaw.com
TBilirakis@wshblaw.com
tmarshall@wshblaw.com
rpagquin@wshblaw.com
dgriffith@wshblaw.com