**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 1:25-cv-22681-CMA

TK ASSETS, LLC, *et al.*,

Plaintiffs,

v.

GREENWAY US, LLC, *et al.*,

Defendants.

_____/

## DISCOVERY ORDER

**THIS MATTER** came before the Court for a discovery hearing on May 18, 2026, on Defendant ECOTRADEMARKET, S.R.O. ("Ecotrademarket") Notice of Issues for Discovery Hearing [ECF No. 42] (the "Hearing Notice").

This is an action for damages under the Federal Trademark Act, 15 U.S.C. § 1051, et seq. ("Lanham Act") in which Plaintiffs have sued Greenway US, LLC, a Florida limited liability company with its principal place of business located in the Southern District of Florida, and Ecotrademarket, a company organized under the laws of the Czech Republic. [ECF No. 1]. Plaintiffs allege Ecotrademarket has the same owner as Greenway US, LLC and that Ecotrademarket and Greenway US, LLC "are alter egos of one another, used to avoid legal obligations, commit fraud, and/or shield their assets." [*Id.* ¶5]. Plaintiffs further allege Greenway US, LLC, used Ecotrademarket to file a trademark application to avoid liability to Plaintiff, subjecting Ecotrademarket to the jurisdiction of this Court. [*Id.*]. Chief Judge Altonaga has authorized Plaintiffs to conduct jurisdictional discovery of Ecotrademarket, but no merits discovery shall take place unless ordered by the Court. [ECF No. 38].

During the discovery hearing Plaintiffs argued that they were entitled to take jurisdictional discovery regarding Ecotrademarket and Greenway US, LLC, based on their alter-ego theory of jurisdiction. The Eleventh Circuit has held that "a subsidiary's contacts can be attributed to its parent company for personal-jurisdiction purposes when the subsidiary is merely an agent through which the parent company conducts business in a particular jurisdiction or its separate corporate status is formal only and without *any semblance of individual identity*." *Herederos De Roberto Gomez Cabrera, LLC v. Teck Res. Ltd.*, 43 F.4th 1303, 1312 (11th Cir. 2022) (internal quotations omitted). The inquiry into whether a subsidiary is the alter ego of its parent is guided by the totality of the circumstances and is heavily fact-specific. *See id.* Some of the factors the Court considers are whether the parent and the subsidiary have corporate officers in common, consolidated financial statements, file separate taxes, etc. *See id.* In short, if the subsidiary is independent from the parent corporation, then an alter ego finding is not warranted. *See id.*

The Court, guided by the principles above, having reviewed the Hearing Notice and Plaintiffs' jurisdictional discovery requests to Ecotrademarket and areas of inquiry ("AOI") for Ecotrademarket's corporate representative deposition (collectively, the "Requests"), having heard oral argument on the disputes at the hearing, and being duly advised, hereby **ORDERS AND ADJUDGES** for the reasons stated on the record as follows:

1. Upon agreement of the parties, the time limitation applicable to all Requests is three (3) years prior to the date of service of the Requests (May 2023).  The parties agree to the entry of a Confidentiality Order to protect confidential information and shall submit an agreed form to the Court for entry.

2. Plaintiffs' use of the term "You" and "Your" in the Requests, Ecotrademarket's objections are overruled and You shall mean Ecotrademarket and its subsidiary, Greenway US,

LLC, unless the context indicates otherwise. Should Ecotrademarket identify any other subsidiary (in Florida or in the United States) in its responses to the Requests, Plaintiffs retain the right to serve jurisdictional discovery and additional requests related thereto.

3. Ecotrademarket's objection to AOI #1 is sustained and overruled in part. The AOI shall be amended to include the following at the end thereof: "regarding the state of Florida."

4. Ecotrademarket's objection to AOI #2 is sustained and overruled in part. The AOI shall be amended to include the following at the end thereof: "in the state of Florida."

5. Ecotrademarket's objection to AOI #3 is overruled.

6. Ecotrademarket's objection to AOI #4(a) is overruled.

7. Ecotrademarket's objection to AOI #4(b) is overruled as to the proposed insertion of "substantial…Southern District of…" and sustained as to the proposed insertion of "excluding lawyers for litigation."

8. Ecotrademarket's objections to AOIs #4(c) through 4(m) are each overruled.

9. Ecotrademarket's objection to AOI #5 is overruled. The AOI shall be amended to include the following at the end thereof: "except to the extent information is privileged."

10. Ecotrademarket's objection to AOI #6 is overruled.  The AOI shall be amended to include the following at the end thereof: "regarding business activity."

11. Ecotrademarket's objection to AOI #7 is overruled. The AOI shall be amended to remove "including those" and replace such language with "for websites accessible to users in the state of Florida…"

12. Ecotrademarket's objection to AOI #8 is overruled.

13. Ecotrademarket's objection to AOI #10 is overruled.

14. Ecotrademarket's objection to AOI #11 is sustained.

15.     Ecotrademarket's objection to AOI #14 is overruled.

16.     Ecotrademarket's objection to AOI #15 is overruled.

17.     Ecotrademarket's objection to AOI #16 is overruled.

18.     Plaintiffs have submitted amended AOIs #17–18 to Ecotrademarket and the objection raised at the discovery hearing to the amended AOIs is overruled for the reasons stated on the record.

19.     Plaintiffs agree to amend Interrogatory #2 to limit its scope to only those with knowledge of the facts "regarding jurisdiction."

20.     Plaintiffs agree to amend Interrogatory #3 to remove language concerning being a Defendant in an action.

21.     Plaintiffs withdraw Interrogatory #9.

22.     Ecotrademarket's objections to Interrogatories #4–8 and #5–23 are overruled.

23.      Plaintiffs submitted an amended Interrogatory #24 to Ecotrademarket and the objection to the amended Interrogatory raised at the discovery hearing is overruled for the reasons stated on the record.

24.     Plaintiffs agree to amend Interrogatory #25 to include an attorney exclusion and to limit its scope to payments concerning the marketing or sale of NEORESERVE or RESERVE.

25.     Plaintiffs have submitted an additional Interrogatory concerning percentages of revenue between Ecotrademarket and Greenway US, LLC to Ecotrademarket and the objection raised at the discovery hearing to the additional Interrogatory is overruled for the reasons stated on the record. While Plaintiffs are not entitled to evidence of all revenues of Greenway US, LLC, as jurisdictional discovery, the percentage of profits allocated or supplied by Greenway US, LLC,

4

as well as the individuals or entities receiving income distributions from Greenway US, LLC, may be relevant to Plaintiffs' alter ego jurisdictional claims regarding Ecotrademarket.

26. Ecotrademarket's objections to Requests for Production ("RFP") #1–7 and #9–10 are overruled.

27. Plaintiffs agree to amend RFP #8 to remove the following language: "including but not limited to those who sell or market Defendants' products in Florida."

28. Ecotrademarket's objection to RFP #11 is sustained in part. The RFP shall be amended to remove "in the United States."

29. Plaintiffs submitted an amended RFP #12 to Ecotrademarket and any objection is resolved by the parties.

30. Ecotrademarket's objection to RFP #13 is overruled.

31. Ecotrademarket's objections to RFPs #14 and #20 are sustained. Plaintiffs have submitted an additional Interrogatory, described in paragraph 25 of this order asking for percentage of revenue, to Ecotrademarket and any objection raised at the hearing to the request is overruled for the reasons stated on the record.

32. Ecotrademarket's objections to RFP #15–19 are overruled.

33. Ecotrademarket's objections to RFP #21–33 are overruled.

34. Plaintiffs shall amend Requests for Admission #6–7 to include the following at the end thereof: "excluding its lawyers defending it in actions brought by Plaintiffs."

35. Ecotrademarket shall serve amended responses and produce all responsive materials to Plaintiffs by May 27, 2026.

**SIGNED** this 22nd day of May 2026

_____

LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc:      Hon. Chief Judge Cecilia M. Altonaga

         All counsel of record